IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| INFOGROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, The Phoenix Insurance Company ("Phoenix"), by and through its attorneys, and for its Complaint against Defendant, Infogroup, Inc. ("Infogroup"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations under a commercial property insurance policy, policy number H-630-4097x214-PHX-11, that insured Infogroup from March 22, 2011 to March 22, 2012 ("Policy"). A copy of the Policy is attached as Exhibit A.

## THE PARTIES

2. At all times relevant herein, Phoenix was and is incorporated under the laws of the State of Connecticut with its principal place of business in Connecticut and was and is a citizen of the State of Connecticut.

3. At all times relevant herein, Infogroup was and is incorporated under the laws of the State of Delaware with its principal place of business in Papillion, Nebraska and is a citizen of the State of Nebraska.

## JURISDICTION

4. This Court possesses original jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds $75,000.00, exclusive of interest and cost, and is between citizens of different states.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the substantial part of the events or omissions giving rise to this action occurred in this judicial district. In addition, the property that is subject of this action is in Pottawattamie County which is situated in this judicial district (28 USC § 95(b)(3)), and Infogroup does business in this judicial district.

## FACTUAL BACKGROUND

6. The Policy insured three properties in Carter Lake, Iowa which included two data processing centers at 200 and 300 Owen Parkway Circle and an office at 2200 Abbott Drive (locations 2, 4 and 8 on the Locations Schedule of the Policy).

7. As a result of the potential flooding of the Missouri River in late May/early June 2011, Infogroup moved and "relocated" business personal property, including data storage equipment, from the Carter Lake locations to two newly leased facilities in Nebraska (CoSentry and Scott) and to a converted office location at 1020 East 1st Street in Papillion, Nebraska (location 3 on the Locations Schedule of the Policy).

8. The Carter Lake locations did not sustain any direct physical loss or damage resulting from a Covered Cause of Loss, flood or otherwise, at, near or following the time of the move.

9. The Covered Property that was moved did not sustain any direct physical loss or damage while it was being moved or while it was temporarily stored at another location.

10. The Policy provides, in relevant part, as follows:

# DELUXE PROPERTY COVERAGE FORM

\*\*\*

**A.  COVERAGE**

\*\*\*

4. **Additional Coverages** – Unless otherwise indicated in the Declarations, the following Additional Coverages apply:

   \*\*\*

   c. **Preservation of Property**

   If it is necessary to move Covered Property from the described premises to preserve it from loss or damage by a Covered Cause of Loss, we will pay for:

   (1) Any direct physical loss or damage to this property:

       (a) While it is being moved or while temporary stored at another location; and

       (b) Only if the loss or damage occurs within 180 days after the property is first moved; and

   (2) The cost to remove the property from the described premises.

   Coverage will end when any of the following first occurs:

       (1) When the policy is amended to provide insurance at the new location;

       (2) The property is returned to the original location; or

       (3) The policy expires.

   \*\*\*

11. Infogroup did not temporarily move its business personal property and then return to the Carter Lake locations; instead, Infogroup permanently relocated to the new locations.

12. In July 2011, Phoenix made an advance payment to Infogroup in the amount of $500,000, having previously reserved its rights to continue investigating and verifying the loss.

13. Infogroup, through its authorized agent and broker AON, submitted a claim presentation, dated October 20, 2011, claiming a loss in the amount of $9,524,260 (or $8,974,260 after subtracting the $50,000 deductible and the $500,000 advance).

14. In response to AON's original claim presentation, Phoenix advised Infogroup, in relevant part, as follows:

> Based on the information received so far, it appears that some of your loss may be covered under the Preservation of Property and Claim Data Expense provisions of the policy issued to you by The Phoenix Insurance Company. The policy, however, will not respond to your business income or extra expense claim as there is no direct physical loss or damage.

15. The Policy provides, in relevant part, as follows:

### DELUXE PROPERTY COVERAGE FORM

\*\*\*

**A. COVERAGE**

\*\*\*

> 5. **Coverage Extensions – Unless otherwise indicated in the Declarations, the following Coverage Extensions apply:**
>
> You may extend the insurance provided by this Coverage Form as follows:
>
> \*\*\*
>
> e. **Claim Data Expense**
>
> > You may extend the insurance provided by this Coverage Form to apply to the

reasonable expenses you incur in preparing claim data when we require it. This includes the cost of taking inventories, making appraisals and preparing other documentation to show the extent of loss. The most we will pay for preparation of claim data under this Extension is $25,000 in any one occurrence. We will not pay for any expenses incurred, directed, or billed by or payable to insurance adjusters or their associates or subsidiaries or any costs as provided in the Loss-Condition Appraisal.

\*\*\*

# DELUXE BUSINESS INCOME COVERAGE FORM (AND EXTRA EXPENSE)

\*\*\*

A.   **COVERAGE**

\*\*\*

We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property, including your personal property in the open (or in a vehicle) within 1,000 feet, at premises which are described in the Declarations and for which a Business Income Limit is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

\*\*\*

3.   **Additional Coverages – Unless otherwise indicated in the Declarations, the following Additional Coverages apply:**

   a.   **Extra Expense**

   Extra Expense means reasonable and necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss of or damage to property at the premises described in the Declarations

> caused by or resulting from a Covered Cause of Loss.

***

16. Infogroup, through its authorized agent and broker AON, submitted a revised claim presentation, dated May 14, 2012, claiming a loss in the amount of $12,190,614 (or $11,640,614 after subtracting the $50,000 deductible and the $500,000 advance).

17. In response to AON's revised claim presentation, Phoenix advised Infogroup, in relevant part, as follows:

> Based on the information received so far, it appears under the Preservation of Property and Claim Data Expense provisions of the policy issued to you by The Phoenix Insurance Company the covered claim to date is $301,514.19. The covered claim to date after application of the $50,000 deductible is $251,514.19 which is less than the good faith advance made of $500,000, thus no further payments are due at this time.

18. Infogroup, through its authorized agent and broker AON, submitted a second revised claim presentation, dated August 1, 2012, claiming a loss in the amount of $3,923,440 (or $3,373,440 after subtracting the $50,000 deductible and the $500,000 advance).

19. Phoenix informed Infogroup that its revised claim of $3,923,440 was overstated and failed to comply with the terms and conditions of the Preservation of Property coverage.

20. Infogroup contended that Phoenix was nevertheless liable for the full amount of the second revised claim presentation under an alleged common law duty to pay for mitigation efforts, irrespective of the terms and conditions of the Preservation of Property coverage.

## COUNT I

### DECLARATORY JUDGMENT

21. Phoenix restates and realleges Paragraphs 1 - 20 as Paragraph 21 as if fully set forth herein.

22. There is no coverage for Business Income or Extra Expense because the Carter Lake locations did not sustain any direct physical loss or damage resulting from a Covered Cause of Loss.

23. The Policy does not cover Infogroup's expenses to continue operations at the permanent relocation sites.

24. Phoenix does not have a common law duty to pay Infogroup's claimed flood hazard mitigation costs.

25. The Policy's Preservation of Property and Claim Data Expense provisions set forth the terms and conditions of the insurance coverage afforded by Phoenix to Infogroup for the purpose of preserving Covered Property from physical loss and damage.

26. The covered amount under the Preservation of Property and Claim Data Expense provisions of the Policy is $251,514.19 after application of a $50,000 deductible.

27. Phoenix has fully discharged and extinguished its legal and contractual obligations to Infogroup, and Infogroup is not entitled to any further sums under the Policy.

28. An existing and actual controversy exists between Phoenix and Infogroup concerning the parties' rights and obligations with regard to the Policy.

WHEREFORE, Plaintiff, The Phoenix Insurance Company, prays that judgment be entered in its favor and against Defendant Infogroup, Inc., declaring:

a) That there is no coverage for Business Income because the Carter Lake locations did not sustain any direct physical loss or damage resulting from a Covered Cause of Loss;

b) That there is no coverage for Extra Expense because the Carter Lake locations did not sustain any direct physical loss or damage resulting from a Covered Cause of Loss;

c) That the covered amount under the Preservation of Property and Claim Data Expense provisions of the Policy is $251,514.19 after application of a $50,000 deductible and that no further payments are due;

d) That The Phoenix Insurance Company owes no further coverage and that there is no additional amount due; and

e) That the Court grant such other, further and different relief as the Court deems equitable and proper.

## COUNT II

## RESTITUTION

29. Phoenix restates and realleges Paragraphs 1 - 28 as Paragraph 29 as if fully set forth herein.

30. On June 30, 2011, Phoenix acknowledged Infogroup's notice of loss and reserved its rights as follows:

> Based on the limited information received so far, it appears that some or all of your loss may not be covered under the policy issued to you by The Phoenix Insurance Company (Travelers). Therefore, Travelers will continue to investigate this matter, but does so under a full reservation of all rights it may have under the policy or at law. In doing so, Travelers does not waive any of its rights, terms, conditions or limitations under the policy. Travelers also specifically reserves any and all rights and defenses that now exist or may arise in the future. No act of the company, its agents or employees, while investigating, determining extent of loss, negotiating settlement or defending a lawsuit is intended to be a waiver of any of the company's rights under the policy. The statements in this letter are limited solely to this claim.

\*\*\*

> The critical issues for our evaluation of the claimed damages will be to determine whether the costs incurred by Infogroup are within the additional coverage provided under the Preservation of Property. Based on the limited information received so far, it appears that some or all of your loss may not be covered under the policy issued to you by The Phoenix Insurance Company.
>
> Please note that the policy will not respond to your business income or extra expense claim if our investigation determines there is no direct physical loss or damage, or is excluded.
>
> Per our meeting on Tuesday, June 21, 2011, in order to continue our investigation of this matter Travelers requests the backup documentation which supports your loss as outlined in the summary budget. Please provide as well the documentation which Infogroup, Inc relied upon to determine the Real and Personal Property at the Carter Lake, IA location was necessary to be moved to a secure location.
>
> Our request for documentation to investigate both the cause of the loss to determine if this is a covered claim and the evaluation of the potential damages as noted previously in this correspondence is not an admission of coverage nor should it be construed as a waiver of either parties' rights, requirements or an estoppel under the policy. Even though the investigation of this claim is being undertaken with a full reservation of rights, we solicit your cooperation in the further handling of this claim as required under the terms of the policy, and remind you of your obligations to mitigate your loss and adhere to all duties under the policy.

31. On July 8, 2012, Infogroup, through its agent and broker AON, demanded that Phoenix expedite a $2 million advance payment, and in support thereof presented an initial relocation budget of over $16 million.

32. Based on the factual information known at the time (and without full knowledge of all of the facts), in July 2011, Phoenix made a good faith advance payment to Infogroup in the amount of $500,000 under the Preservation of Property and Claim Data Expense provisions of the Policy.

33. The Policy provides, in relevant part, as follows:

    **F.    LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions – Deluxe.

\*\*\*

**4.     Loss Payment**

\*\*\*

  h. At our option, we may make a partial payment toward any claims, subject to the policy provisions and our normal adjustment process. To be considered for a partial claim payment, you must submit a partial sworn proof of loss with supporting documentation. Any applicable policy deductibles must be satisfied before any partial payments are made.

34. Infogroup recognized that that the $500,000 advance would be deducted from the total amount of its claim in the event that the amount of its covered claim exceeded the amount of the advance.

35. Based on additional factual information, Phoenix determined that the amount of Infogroup's covered claim under the Preservation of Property and Claim Data Expense provisions of the Policy is actually $301,514.19 – less than the amount of the advance payment. After applying a $50,000 deductible, Infogroup's covered claim is $251,514.19.

36. Phoenix paid Infogroup an advance payment in excess of the amount of Infogroup's covered claim because of a mistake of fact in that Phoenix erroneously believed, based on the factual information known at the time of the advance, that the amount of Infogroup's covered claim would exceed the amount of the advance.

37. Infogroup owes Phoenix $248,485.81 in restitution for the overpayment.

WHEREFORE, Plaintiff, The Phoenix Insurance Company, prays that the Court order that Phoenix is entitled to restitution and that judgment be entered in the amount of $248,485.81 in its favor and against Defendant Infogroup, Inc.

Dated: February 19, 2013

                           Respectfully submitted,

**LEDERER WESTON CRAIG PLC**

By: /s/ J. Michael Weston

J. Michael Weston  AT0008405
118 Third Avenue SE, Suite 700
P. O. Box 1927
Cedar Rapids, Iowa 52406-1927
Telephone:   (319) 365-1184
Facsimile:   (319) 365-1186
E-mail:      mweston@lwclawyers.com

Benjamin M. Weston  AT0009704
4401 Westown Parkway, Suite 310
West Des Moines, Iowa 50266
Telephone:   (515) 224-3911
Facsimile:   (515) 224-2698
E-mail:      bweston@lwclawyers.com

Matthew S. Ponzi (admission pending)
Kirk M. Zapp (admission pending)
**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Telephone:   (312) 863-5070
                (312) 863-5028
Facsimile:   (312) 863-5099
E-mail:      mponzi@fgppr.com
                kzapp@fgppr.com

ATTORNEYS FOR PLAINTIFF THE PHOENIX INSURANCE COMPANY